IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JASON D. COOPER, | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | 1 : 11-CV-22 (WLS) |
| ROBERT TOOLE, Warden, | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this § 2254 action is the Respondent's Motion to Dismiss the Petition as Untimely (Doc. 9). Respondent contends that the Petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The Petition was filed on January 31, 2011 (Doc. 1).

The Petitioner pled guilty to three counts of child molestation in the Superior Court of Worth County in September 2000. Petitioner was sentenced as follows:

> Count 3 – CHILD MOLESTATION – Confinement for a period of TWENTY (20) YEARS in the STATE PENAL SYSTEM or such other institution as the Commissioner of the State Department of Corrections may direct;
>
> Count 5 – CHILD MOLESTATION – Confinement for a period of TWENTY (20) YEARS in the STATE PENAL SYSTEM or such other institution as the Commissioner of the State Department of Corrections may direct. The sentence imposed in Count 5 is to run CONSECUTIVELY to the sentence imposed in Count 3;
>
> Count 8 – CHILD MOLESTATION - Confinement for a period of TWENTY (20) YEARS in the STATE PENAL SYSTEM or such

> other institution as the Commissioner of the State Department of Corrections may direct. The sentence imposed in this count is to commence on the 27th day of September, 2010. However, the Defendant may serve this sentence on PROBATION upon [certain] terms and conditions[.]

Doc. 12-1, pp. 131, 132.

Petitioner challenged his convictions in a federal habeas petition filed in this Court, which was dismissed as untimely in September 2005. *See Cooper v. Humphrey*, No. 1 : 04-CV-33 (WLS) (M.D.Ga.). In March 2010, Petitioner filed a petition for a writ of mandamus in the Superior Court of Fulton County, seeking to compel the Georgia Department of Corrections to release Petitioner from confinement on September 27, 2010 so that he could start serving his probated sentence (Doc. 1-4, App. C). In the petition for a writ of mandamus, the Petitioner contended that he was being deprived of liberty without due process because his anticipated release date of September 2040 did not consider his probationary sentence. *Id.* This petition was denied in July 2010, based on a finding that the Department of Corrections had correctly calculated Petitioner's sentence and release date, as Petitioner was required to serve 40 years in confinement before being released. *Id.*, App. A. The Superior Court explicitly found that:

> [Petitioner's] September 27, 2000 sentence explicitly provides that the two twenty-year terms are to be served consecutively. Because the third sentence does not explicitly provide whether it runs concurrently or consecutively, it will be construed to run concurrently to Petitioner's other sentences. Because the third probationary sentence is concurrent to the two consecutive twenty-year sentences, Petitioner will remain incarcerated for the duration of his forty-year term. Thus, the GDC did not make an error in computing Petitioner's anticipated release date of September 2040[.]

*Id.*

2

The Petitioner filed this federal Petition for habeas relief in January 2011, seeking a correction to the alleged incorrect computation of his release date. Respondent claims that this petition is untimely, as it was not filed within one year of the factual predicate of the claims being discovered, or when the factual predicate could have been discovered with due diligence.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. In cases in which a petitioner challenges an administrative decision, such as the calculation of a sentence by a department of corrections or administrative board, § 2244(d)(1)(D) sets the statute of limitations. *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004); *Wade v. Robinson*, 327 F.3d 328, 332 (4th Cir. 2003); *Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002); *Somers v. Schwartz,* 2007 WL 2947584 (E.D.Cal) ("When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run."). Section 2244(d)(1)(D) requires a prisoner to file a habeas petition within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In a case governed by § 2244(d)(1)(D), "[t]he relevant inquiry . . . is not when Petitioner actually discovered the [factual predicate of his claims] but when petitioner could have learned of these facts through the exercise of reasonable diligence." *Frederick v. McDonough*, 2010 WL 3769436 (S.D.Fla.) *citing Melson v. State*, 548 F.3d 993, 999 (11th Cir. 2008) (*vacated on other grounds, Melson v. Allen,* 130 S.Ct. 3491 (2010)). The *Frederick* court noted that "[i]n *Melson*, the Eleventh Circuit made clear that to establish 'due diligence' for purposes of § 2244(d)(1)(D), the burden is on the petitioner who 'must show some good reason why he or she was unable to

3

discover the facts at an earlier date.' Thus '[m]erely alleging that an applicant did not actually know the facts underlying his or her claim does not pass the test. Instead the inquiry focuses on whether a reasonable investigation . . . would have uncovered the facts the applicant alleges are newly discovered.'". *Frederick*, 2010 WL 3769436 *6.

The Respondent maintains that the Petitioner was aware of the factual predicate of his claim as early as 2002, when he was presented with and acknowledged having received a copy of a sentence calculation affidavit from the Georgia Department of Corrections. (Doc. 12-1, pp. 44-45). This affidavit was presented at Petitioner's state habeas hearing, and provides that "the records show that the time in this case is calculated on forty (40) years, computed from September 22, 2000, and has an expiration date of September 21, 2040." (Doc. 12-1, p. 135). The Petitioner, however, asserts that the one-year statute of limitations did not start to run until he was actually denied release from custody on September 27, 2010.

The Court finds that the Petitioner's filing of this federal habeas Petition was untimely, as the Petitioner was clearly advised of the calculation of his sentences, and their expiration date of September 21, 2040, prior to or at his April 2002 habeas corpus hearing. The Petitioner has failed to satisfy his burden of showing "some good reason why he [] was unable to discover the facts [of his calculated release date] at an earlier date". *Melson*, 548 F.3d at 999. Petitioner waited until January 2011 to file this federal petition, after having sought relief in the state courts beginning in March 2010. The tolling provision of § 2244(d)(2) does not afford the Petitioner any protection, as the one year statute of limitations expired by April of 2003, long before Petitioner pursued a writ of mandamus in the state courts in March 2010.

Although the Petitioner alleges that the sentencing affidavit presented at the 2002 hearing

was silent as to the effect of Petitioner's probationary sentence, and thus, he could not have been aware that he would not be released on September 27, 2010, Petitioner should have understood when filing his petition for a writ of mandamus in the state superior court in March 2010 that the Department of Corrections had set the expiration of his sentences for 2040.  Petitioner clearly could have understood and confirmed this interpretation through the exercise of due diligence beginning in 2002 when he was presented with the sentence calculation affidavit.  Petitioner stated in his March 2010 petition for a writ of mandamus that the "Ga. Dept. of Corrections acknowledges the two 20 year sentences running consecutive but does not consider probation sentence to have any effect and has set Petitioner's release date as Sept. 2040."  (Doc. 1-4, p. 10).

      Additionally, the Petitioner has not established the basis for equitable tolling of the limitations period.  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999).  Petitioner has not identified any specific, extraordinary circumstance hindering his timely filing, nor has he established his diligence in pursuing relief.  Finally, although he argues the merits of his Petition in responding to the Motion to Dismiss, the Petitioner has not set forth any probative evidence of actual innocence.  A claim of actual innocence must be supported "with new reliable evidence . . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. 298, 317 (1995). "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence

imposed." *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991).

Inasmuch as this federal habeas Petition was untimely filed, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss Petition as Untimely be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 11th day of January, 2012.

                                  **S/ *THOMAS Q. LANGSTAFF***
                                  **UNITED STATES MAGISTRATE JUDGE**

asb