IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JASON D. COOPER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 1:11-cv-22 (WLS) |
| | : | |
| ROBERT TOOLE, Warden, | : | |
| | : | |
| Respondent. | : | |

## ORDER

Before the Court is a Report and Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed January 11, 2012. (Doc. 15). It is recommended that Petitioner's January 2011 habeas corpus petition (hereinafter "Petition")—which challenges Petitioner's state sentence of two twenty-year terms of imprisonment and a twenty-year term of probation[1] (Doc. 1)—be dismissed as untimely pursuant to Respondent's Motion to Dismiss. (Doc. 15 at 5-6). The recommended dismissal is based on a finding that the Petition did not comply with the time constraints of 28 U.S.C. § 2254(d)(1)(D), which requires a prisoner to file a habeas petition within one year of the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (*Id.* at 3 (quoting § 2254(d)(1)(D))).

According to the Recommendation's findings, Petitioner was advised prior to or at his April 2002 state habeas corpus hearing of the calculation of his two twenty-year sentences and

---

[1] Petitioner's sentence imposed two consecutive twenty-year terms of imprisonment and a third term of probation, set to begin on September 27, 2012, based on his plea to three counts of child molestation in Worth County. (Doc. 15 at 2 (quoting Doc. 12-1 at 131, 132)). The sentence, however, did not state whether the term of probation would run consecutively or concurrently with the terms of imprisonment. (*Id.* at 3 (quoting Doc. 1-4, App. A)). On review of Petitioner's March 2010 petition for a writ of mandamus, the Fulton County Superior Court construed Petitioner's probation sentence to run concurrently to the prison sentences. (*Id.* at 2 (citing Doc. 1-4, App. A)).

1

their expiration in September 2040. (*Id.* at 5). Thus, the Recommendation finds that "Petitioner clearly could have understood and confirmed . . . through the exercise of due diligence beginning in 2002" that the Georgia Department of Corrections had set the expiration of his sentences for 2040 and that he would not be released on September 27, 2010.[2] (*Id.*). For this reason, the Recommendation holds that Petitioner's January 2010 filing was well beyond the statute of limitations period. (*Id.*).

The Report and Recommendation provided the Parties with fourteen (14) days[3] from the date of its service to file written objections to the recommendations therein. (*Id.*). The period for filing objections expired on Monday, January 30, 2012.[4] Petitioner timely filed his Objection on January 26, 2012, raising three primary grounds for relief. (Doc. 16).

Petitioner first argues that Judge Langstaff abused his discretion in "erroneously constru[ing] Petitioner's section § [sic] 2241 petition as a section § [sic] 2254 petition." (*Id.* at 2). He contends that § 2254 only applies to prisoners who are in custody pursuant to the judgment of a state court, while § 2241 only applies to state prisoners who are not in custody pursuant to a state court judgment. (*Id. (*citation omitted)). Thus, says Petitioner, Judge Langstaff should have concluded that Petitioner was not in custody pursuant to the judgment of a state court, given the expiration of Petitioner's prison sentences as well as the commencement of his probation sentence in September 2010. (*Id.* at 2-3).

---

[2] Judge Langstaff further finds that Petitioner (1) failed to establish good reason for his inability to discover the facts of his calculated release date at an earlier date, while also (2) failing to qualify for equitable tolling of the limitations period, given the absence of an extraordinary circumstance from the Petition that hindered its timely filing. (*Id.* at 4, 5 (citations and quotation marks omitted)). Because Petitioner does not object to these findings, the Court does not discuss them herein.
[3] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).
[4] Because the actual deadline for filing objections—Saturday, January 28, 2012—fell on a weekend, the deadline was extended to Monday, January 30, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C).

2

Most central to the Objection is Petitioner's next argument in which he attacks the Recommendation's failure to find that his habeas claim began to toll on September 27, 2010, the date on which Petitioner believes he should have been released from state custody. (*Id.* at 12-14). According to Petitioner, "[n]othing in the . . . Affidavit [presented to him at his state habeas hearing] alerts the Petitioner that he would never receive the liberty ordered to him from his sentencing court." (*Id.* at 9). Petitioner therefore finds that it was not until he discovered that the state would not release him in September 2010 that his right to file the Petition "came into existence." (*Id*. at 10 ("The actual constitutional violation did not occur until September 27, 2012 when Petitioner was denied his lawful liberty without due process of law . . . .")).

Lastly, Petitioner indicates that Judge Langstaff should have judged Petitioner's conviction and sentence independent of the state habeas court's finding to hold that Petitioner's sentence violated his federal due process rights. (*Id.* at 4-6). Encompassed within that argument is Petitioner's apparent contention that Judge Langstaff has conflated Petitioner's prison sentence and probation sentence in violation of federal law by transforming the sentence of probation into a prison sentence in violation of federal precedent. (*Id.* at 3-4 (citations omitted)). The Court finds that each of the above grounds of Petitioner's Objection lacks muster.

Petitioner is correct that while Judge Langstaff refers to 28 U.S.C. § 2254 as the means by which Petitioner seeks habeas relief, Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241, which is substantively distinct from § 2254. (*Compare* Doc. 1 (relying on § 2241)*, with* Doc. 15 (citing § 2254). A petition brought under § 2241 "challenges . . . the execution of a sentence, rather than the validity of the sentence itself." Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (citation omitted). Nonetheless, a prisoner may not avoid the procedural restrictions of § 2254 by filing a petition under § 2241, as Petitioner seeks to do here. *See* Cintron v. Sec'y of Dep't of Corrs., No. 8:12–CV–113–T–30MAP, 2012 WL 177710,

3

*1 (M.D. Fla. Jan. 23, 2012) ("A habeas petition filed by a state prisoner in custody pursuant to the judgment of a state court is subject both to § 2241 and to § 2254, with its attendant restrictions. . . . [Thus, a] state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." (citations and internal quotation marks omitted)).

Furthermore, despite his belief that he is not in custody pursuant to a state court judgment because he should have been released on September 27, 2010, Petitioner *is* in custody pursuant to a state court judgment. He has not been released and does not become eligible for release until 2040. Any belief that he should have been released in September 2010, even if such a belief were well-founded in fact and law, does not change his present custody status.

Accordingly, because Petitioner is in custody pursuant to the judgment of a state court, this Court must apply the procedural restrictions of § 2254—namely, the tolling provision of § 2254(d)(1)(D) that requires a prisoner to file within one year of the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(d)(1)(D). Applying this provision, the Court rejects Petitioner's assertion that the one-year statute of limitations started to run on September 27, 2010, and instead holds that the tolling period ran, at the latest, from the date of Petitioner's April 2002 state habeas hearing, where he was presented with a sentence calculation Affidavit. (*See* Doc. 12-1 at 135-36).

The Affidavit explicitly stated the terms of Petitioner's sentences of imprisonment and sentence of probation, indicating that the former sentence would be "calculated on forty (40) years, computed from September 22, 2000, and ha[ve] an expiration date of September 21, 2040." (*Id.* at 136). Thus, Petitioner could have discovered at that time that he would not be released prior to September 2040 and would therefore concurrently serve his sentence of

4

probation along with his terms of imprisonment.  He did not have to wait until September 27, 2010, to learn that he would not be released on that date to serve probation.  Nor did he have to wait until that date to argue the unconstitutionality of his sentence's failure to account for the effect of the sentence of probation on the sentences of imprisonment.

Lastly, the case law Petitioner cites regarding the prohibition of simultaneous sentences of probation and imprisonment terms only concerns federal sentencing procedures and specific federal offenses not at issue here.  *See* 18 U.S.C. § 3561, § 3564 (mandating terms for imposition of federal probation sentences).  Thus, Petitioner's argument that Judge Langstaff overlooked the Worth County Superior Court's allegedly unlawful simultaneous imposition of state sentences of imprisonment and probation is meritless.

Accordingly, Plaintiff's Objection (Doc. 16) is **OVERRULED**, and U.S. Magistrate Judge Langstaff's January 11, 2012 Report and Recommendation (Doc. 15) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein.  The Court therefore **GRANTS** Respondent's Motion to Dismiss Petition as Untimely (Doc. 9) and **DISMISSES** Petitioner's habeas corpus petition (Doc. 1).  The Court further **DENIES** Petitioner a certificate of appealability for failure to make a substantial showing of the denial of a constitutional right, sufficient to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**, this  24th  day of February 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**